Case 4:15-cv-01716   Document 29   Filed in TXSD on 07/25/16   Page 1 of 11

United States District Court
Southern District of Texas
**ENTERED**
July 25, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LOLITA MSEFVA-MATEKA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-15-1716 |
| | § | |
| EPIC HEALTH SERVICES, INC., | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM AND RECOMMENDATION

Pending before the court[1] is Defendant's Motion to Dismiss or, Alternatively, Motion to Compel Plaintiff to Participate in Discovery (Doc. 25). The court has considered the motion, all relevant filings, and the applicable law. For the reasons set forth below, the court **RECOMMENDS** that Defendant's motion to dismiss be **GRANTED**.

### I. Case Background

Plaintiff, proceeding pro se, filed this employment discrimination lawsuit against her former employer, claiming discrimination based on the Age Discrimination in Employment Act ("ADEA")[2] and disability under the Americans With Disabilities

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 2.  See Doc. 4.

[2] 29 U.S.C. §§ 621-634.

Act ("ADA"),[3] as well as retaliation.[4]  She filed her complaint along with an application to proceed In Forma Pauperis on June 9, 2015; her application was conditionally granted on June 15, 2015.[5]

On July 21, 2015, Defendant filed a motion to dismiss Plaintiff's ADEA claims, arguing that they were time-barred because Plaintiff did not file suit within the required ninety days of the EEOC's March 9, 2015 letter.[6]  Then, on November 5, 2015, Defendant filed a Motion to Stay Discovery pending a determination of the Motion to Dismiss, and the court scheduled a hearing on November 25, 2015.[7]  Despite notice, Plaintiff did not attend this hearing, and the court issued a Memorandum and Recommendation granting Defendant's Motion to Dismiss Plaintiff's ADEA claims on December 7, 2015.[8]  Plaintiff did not object to the Memorandum and Recommendation, and the court adopted it.[9]

---

[3]     42 U.S.C. §§ 12101-12213.

[4]     See Doc. 1-1, App. B to Emp't Discrimination Compl., Notice of Right to Sue Dated Mar. 9, 2015.

[5]     See Doc. 1, Application to Proceed in Forma Pauperis; Doc. 2, Order Dated June 15, 2015.

[6]     See Doc. 13, Def.'s Mot. to Dismiss.

[7]     See Doc. 17, Notice of Setting Dated Nov. 20, 2015.

[8]     See Doc. 18, Min. Entry Dated Nov. 25, 2015; Doc. 19, Mem. & Recommendation Dated Dec. 7, 2015.

[9]     See Doc. 24, Order Adopting Mem. & Recommendation dated Dec. 7, 2015.

Defendant subsequently moved to extend case deadlines in order to conduct discovery on the remaining claims, and the court scheduled a hearing on January 11, 2016.[10] Again, Plaintiff did not attend the hearing.[11] On January 11, 2016, the court granted Defendant's motion to extend case deadlines, set the discovery deadline as June 30, 2016, and set the dispositive motion deadline as July 15, 2016.[12] Defendant sent discovery requests to Plaintiff on December 16, 2015, and, to date, has not received a response.[13] Despite repeated attempts by Defendant to contact Plaintiff, Plaintiff failed to serve her responses to Defendant's discovery requests by the June 30, 2016 discovery deadline, much less within the thirty-day response deadline.[14] See Fed. R. Civ. P. 33(b)(3); Fed. R. Civ. P. 34.

Plaintiff did not request an extension of the deadline. However, following Defendant's second motion to extend case

---

[10] See Doc. 20, Def.'s Mot. for Extension of Case Deadlines; Doc. 22, Hr'g for Def.'s Mot. for Extension of Case Deadlines.

[11] See Doc. 22, Min. Entry Dated Jan. 11, 2016.

[12] See Doc. 23, Order Granting Def.'s Mot. for Extension of Case Deadlines.

[13] See Doc. 25-1, Attach. 1 to Def.'s Mot. to Dismiss or, Alternatively, to Compel Pl. to Participate in Discovery, Aff. of J. Paul Rinnan; Doc. 25-2, Ex. A to Aff. Of J. Paul Rinnan, Def.'s Disc. Requests to Pl.

[14] See Doc. 25-3, Ex. B to Aff. Of J. Paul Rinnan, Letter from Def. to Pl., Dated Jan. 19, 2016.

deadlines, the court granted additional time for discovery.[15] In addition, the most recent correspondence from the court to Plaintiff was returned as undeliverable.[16]

Defendant now moves to dismiss the case with prejudice for failure to prosecute or, alternatively, to compel Plaintiff to participate in discovery.[17]

## II. Legal Standard

Federal Rule of Civil Procedure 41(b) provides "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). A dismissal under 41(b), unless stated otherwise, "operates as an adjudication on the merits." Id. This rule "expressly recognize[s]" a district court's "inherent power" to dismiss for lack of prosecution as part of "the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962). A district court may dismiss a complaint for failure to prosecute "even without affording notice of its

---

[15] See Doc. 26, Def.'s 2d Mot. for Extension of Case Deadlines; Doc. 27, Dated June 3, 2016.

[16] See Doc. 28, Docket Entry Dated June 10, 2016.

[17] See Doc. 25, Def's Mot. to Dismiss or, Alternatively, to Compel Pl. to Participate in Disc.

intention to do so or providing an adversary hearing before acting." Id. at 633.

"Dismissal with prejudice . . . is an extreme sanction that deprives a litigant of the opportunity to pursue her claim." Gonzalez v. Firestone Tire & Rubber Co., 610 F.2d 241, 247 (5th Cir. 1980). The United States Court of Appeals for the Fifth Circuit permits a dismissal with prejudice for lack of prosecution only if: "(1) there is a clear record of delay or contumacious conduct by the plaintiff; and (2) lesser sanctions would not serve the best interests of justice." Coleman v. Sweetin, 745 F.3d 756, 766 (5th Cir. 2014)(noting that the test is conjunctive). Prior to 2014, most courts considered two additional factors: (3) "the violation of the discovery order must be attributable to the client instead of the attorney; [and (4)] the violating party's misconduct 'must substantially prejudice the opposing party.'" Doe v. Am. Airlines, 283 F.App'x 289, 291 (5th Cir. 2008)(unpublished)(quoting F.D.I.C. v. Conner, 20 F.3d 1376, 1380 (5th Cir. 1994))(other citations omitted).

### III. Analysis

Defendant moved for dismissal based on the four-factor test. The court addresses all four.

The first factor of the Coleman test asks whether the there is a clear record of delay or contumacious conduct by the

plaintiff. 745 F.3d at 766. The Fifth Circuit has found this factor to be satisfied when a plaintiff failed to file a response to a defendant's motion to dismiss and failed to respond to discovery. See Williams v. Frasier, 96 F.App'x 217, 218 (5th Cir. 2004)(unpublished)(holding that a plaintiff's failure to respond to a defendant's motion to dismiss in addition to failure to cooperate in discovery sufficiently provides a basis for dismissal for failure to prosecute). In addition, pursuant to the Local Rules, Plaintiff's failure to file a response within the required twenty-one days is taken as a representation of no opposition.[18] Id.

In the case at hand, Plaintiff did not appear at either a status conference following Defendant's 12(b)(6) motion on November 25, 2016, or a discovery hearing on January 11, 2016. This conduct was accompanied by Plaintiff's failure to respond to Defendant's interrogatories and requests for production of documents within the required thirty days after service of the request.

---

[18] The Local Rules state that failure to respond to a motion will be taken as a representation of no opposition. L.R. 7.4. Generally, the non-moving party has twenty-one days to file a response before the lack of response is considered a lack of opposition. See L.R. 7.3. However, because it would be improper to dismiss an action merely because of lack of response, this court must carefully consider the merits of an unanswered motion. Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima, 776 F.2d 1277, 1279 (5th Cir. 1985).

The court therefore finds that Plaintiff's disregard for the Federal Rules of Civil Procedure, Plaintiff's failure to respond to two separate motions to dismiss, and her failure to appear at two hearings before the court demonstrates a refusal to comply with court rules alongside a clear record of delay.

The second factor of the conjunctive Coleman test analyzes whether less drastic sanctions would not serve the best interests of justice. 745 F.3d at 766. The Fifth Circuit has stated that if a plaintiff is repeatedly warned about the possibility of dismissal, the district court need not consider other, lesser sanctions. See Lewis v. Sheriff's Dep't Bossier Parish, 478 F.App'x 809, 818 (5th Cir. 2012)(unpublished)(ruling that despite the amount of time the plaintiff was given, in conjunction with the warnings of the possibility of dismissal, it was not necessary for the court to consider other sanctions). Indeed, "even a non-lawyer should realize the peril to her case when she . . . ignores numerous notices, fails to attend hearings," and fails to recognize "the need to communicate either with the court or with opposing counsel." Anthony v. Marion Cty. Gen. Hosp., 617 F.2d 1164, 1169 (5th Cir. 1980)(dismissing a case on the basis of the plaintiff's failure to prosecute when she failed to communicate with the court or opposing counsel).

Here, Plaintiff was repeatedly warned by Defendant of the possibility of dismissal if she did not respond to discovery requests. Plaintiff's failure to appear at the court's various hearings regarding the status of the case and discovery issues demonstrates a disregard for the court's time. The case has not progressed toward its conclusion.

Thus, the court finds that lesser sanctions will neither achieve a deterrent effect in this case nor send a message to the greater community of the court's goal to prevent undue delays and avoid congestion. See Link, 370 U.S. at 629-30.

The court also examines whether the complained violations are attributable to the client rather than the attorney. Am. Airlines, 283 F.App'x at 289. A pro se plaintiff sufficiently demonstrates that a plaintiff's actions are hers alone and not attributable to counsel. Id. at 292. Further, failure to keep the court apprised of current contact information favors a finding of failure to prosecute:

> Where months pass without any contact by a plaintiff and all mail sent to a plaintiff within the same time period—at the only address plaintiff provides—is returned as undeliverable, the court has no option but to conclude that plaintiff has abandoned the prosecution of [her] lawsuit.

Davis v. Hernandez, No. 3:23-cv-2013-L-BN, 2016 WL 335442, at *3 (N.D. Tex. Jan. 27, 2016)(holding that a plaintiff who, inter

8

alia, failed to keep the court updated as to his current address, had prevented his action from proceeding and, therefore, had failed to prosecute the lawsuit).

As in Am. Airlines, Plaintiff here is pro se, and thus, her actions are hers alone and not attributable to an attorney. 283 F.App'x at 289. In addition, the most recent correspondence from the court to Plaintiff was returned as undeliverable. Thus, the court finds that the non-prosecution of this case is attributed solely to Plaintiff.

Finally, the court examines whether Plaintiff's conduct acts as a substantial prejudice to Defendant. Id. at 289. The Fifth Circuit has found behavior to be substantially prejudicial to the opposing party when a plaintiff forces the defendant to spend "unnecessary legal fees" in the preparation of discovery requests that were "rendered fruitless" by the plaintiff's delay. Hickman v. Fox Television Station, Inc., 177 F.App'x 427, 429 (5th Cir. 2006)(unpublished).

Plaintiff's failure to respond to Defendant's discovery requests has rendered this case stagnant. Defendant has been unable to conduct any discovery due to the lack of information, thus causing Defendant to unnecessarily spend time and money defending the lawsuit. See Yazdchi v. Am. Honda Fin. Corp., 217 F.App'x 299, 304 (5th Cir. 2007)(unpublished)(holding that the

9

defendants were plainly prejudiced by the plaintiffs' failure to provide adequate discovery responses, resulting in defendants' obtaining virtually no information of any relevance). In the present case, Plaintiff has caused Defendant to incur attorney's fees for fruitless discovery requests, to attend hearings where Plaintiff did not attend, and to file the present motion.

Thus, the court finds that Defendant was substantially prejudiced as a result of the Plaintiff's failure to participate in discovery.

## IV. Conclusion

Based on the court's determination that, not only were the two required Coleman factors not met, but also the two additional Am. Airlines factors, the court **RECOMMENDS** that Defendant's motion to dismiss with prejudice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b), be **GRANTED**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objectives thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 25th day of July, 2016.

_____
U.S. MAGISTRATE JUDGE